*ATCHISON, T. & S. F. RY. CO. v. MOORE et al.

No. 2016.   Opinion Filed October 23, 1912.

Rehearing Denied December 24, 1912.

(129 Pac. 24.)

1. PLEADING—Judgment on Pleadings—Carriage of Live Stock—Actions for Injuries. Plaintiff sued for damages done to a shipment of race horses, alleging shipment to have been made under a definite verbal contract, charging gross negligence and praying for full amount of damages. Defendant answered by general denial and by pleading a written contract which limited its liability to the value therein named, and by the further allegation that the written contract was the only one made between the parties. Plaintiff's reply was in effect an unverified general denial of new matter. Held, the overruling of defendant's motion for judgment on the pleadings because of the unverified reply was not error.

   The issues whether the shipment was made under a verbal agreement and whether defendant was guilty of gross negligence were joined by defendant's general denial, and plaintiff had the right to have such issues determined and was entitled to any evidence relevant, competent, and material to a determination of same, regardless of the written contract, and regardless of the fact that a determination of such issues had the effect of rendering the provisions of the written contract not binding.

2. CARRIERS — Carriage of Live Stock — Notice of Injury. Where a shipment of live stock consists of race horses shipped

---

* Appealed to the United States Supreme Court.

for the purpose of being entered in certain races, and the carrier has notice of the class to which the stock belongs and the purpose for which it is shipped, and the agent of the carrier at the destination of the shipment is notified that some of the stock had been injured, and such agent goes to the stables where such injured stock is kept and sees same and has ample opportunities to ascertain the extent of the injuries, held, this is a substantial compliance with the provisions of the shipping contract requiring notice of injury to be given before the stock is removed or slaughtered or mingled with other stock.

3.    **SAME**—Contracts. Where a shipment of live stock is made under a verbal contract, and where every move made, every step taken toward a shipment, up to and including a complete consignment and surrender of control by the shipper, the starting in transit of the shipment, and the assumption of liability for negligence by the carrier, is all under and pursuant to such parol agreement, and after this a printed shipping contract is presented to the shipper to sign, he has the right to assume that it embodies the terms of the verbal agreement, and the carrier will not be permitted to escape liabilities accruing to the shipper under the verbal agreement by reason of certain provisions in the written contract at variance with the parol contract, unless the shipper's attention has been called to such provisions and fair opportunity given him to assent to same.

(Syllabus by Harrison, C.)

*Error from District Court, Lincoln County;*
*John J. Carney, Assigned Judge.*

Action by H. F. Moore and others against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Cottingham & Bledsoe, Charles H. Woods,* and *George M. Green,* for plaintiff in error.

*H. H. Smith* and *Rittenhouse & Rittenhouse,* for defendants in error.

Opinion by HARRISON, C.    This action was begun in the district court of Lincoln county June 20, 1908, by H. F. Moore, C. E. Robinson, and S. H. Smith, against the Atchison, Topeka & Santa Fe Railway Company for damages in the sum of $1,990, resulting from injuries alleged to have been done to one Sousa Mc, a trotting mare, shipped with some other race horses over

said railroad from Kansas City, Mo., to Lawrence, Kan., in September, 1907. The case was tried in April, 1910, resulting in a verdict and judgment in favor of plaintiffs in the sum of $1,400, from which judgment the defendant, the railway company, appeals.

The shipment in which the animal, Sousa Mc, is alleged to have been injured, was the same shipment in which the racing mare, Nancy Alden, was injured and recovery had for such injuries in a judgment which was affirmed by this court in *A., T. & S. F. Ry. Co. v. Robinson, post,* 129 Pac. 20. The two cases are identical, both in points of law and questions of fact, and in every material feature except as to the value of the animal, the extent of the injuries, and the amount of damages resulting therefrom. The question of the value of the animal, the extent of the injuries done to her, and the amount of damages resulting therefrom were fairly submitted to the jury, and a verdict returned in favor of plaintiffs for the sum of $1,400.

The verdict being fairly supported by the evidence, and the questions of law involved in this case being identical with those involved in said case, *supra,* and finding no material errors committed in the trial of this cause, following the decision in said case, *supra,* the judgment of the court below is affirmed.

By the Court: It is so ordered.